Submitted December 15, 2020; conviction for interfering with a peace officer reversed and remanded, remanded for resentencing, otherwise affirmed January 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LANCE WILLIAM EVANS,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR06797; A170828

479 P3d 349

Gregory L. Baxter, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction for interfering with a peace officer reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for interfering with a peace officer, ORS 162.247, and harassment, ORS 166.065. He argues that the trial court plainly erred in failing to acquit him on the charge of interfering with a peace officer. We reject that argument without discussion. He also argues that the trial court plainly erred in instructing the jury on the interfering with a peace officer charge based on a different theory of the offense than that alleged in the indictment. The state concedes that the court plainly erred in that regard.

A person can commit the offense of interfering with a peace officer either by preventing or attempting to prevent the officer from performing lawful duties, or by refusing to obey a lawful order of the peace officer. ORS 162.247 (1)(a), (b). The indictment in this case alleged the latter theory of the offense, and the evidence and legal arguments concerned that theory. The jury was not instructed on that theory, but instead was instructed on the theory concerning preventing or attempting to prevent an officer from performing lawful duties. As we have previously held, a trial court errs in instructing a jury in a manner that creates a material variance with what was alleged in the indictment. *See, e.g.*, *State v. Burk*, 282 Or App 638, 644-45, 386 P3d 148 (2016) (citing cases in which jury was instructed in a manner that varied from indictment). Although such errors are not necessarily always prejudicial, in this case, defendant's argument that the jury instruction was not only erroneous but harmful is well-taken. Accordingly, we accept the state's concession and exercise our discretion to correct the error.

Conviction for interfering with a peace officer reversed and remanded; remanded for resentencing; otherwise affirmed.